# In the United States Court of Federal Claims

No. 19-643C

(Filed: May 26, 2020)

| | |
|---|---|
| **NEW ENGLAND SPECIALTY SERVICES, INC.,** | Contract claim; motion for summary judgment; genuine issues of material fact |
| Plaintiff, | |
| v. | |
| **UNITED STATES**, | |
| Defendant. | |

Scott K. DeMello, Lepizzera & Laprocina Counsellors at Law, Warwick, RI, for plaintiff.

Robert R. Kiepura, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With him on the briefs were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.  Of counsel was Theresa Negron, Deputy District Counsel, New England District, United States Army Corps of Engineers.

**OPINION AND ORDER**

LETTOW, Senior Judge.

This case presents a dispute over a design-build contract for the construction of a pre-engineered metal building and related site work in Natick, Massachusetts for the United States Army Corps of Engineers.  Plaintiff, New England Specialty Services, Inc. ("NESS"), has brought suit against the United States ("the government"), alleging, *inter alia*, breach of contract and unreasonable delay.  Pending before the court is defendant's motion for summary judgment ("Def.'s Mot."), ECF No. 13.  Plaintiff opposes this motion.  *See* Pl.'s Resp. to Def.'s Mot. ("Pl.'s Resp."), ECF No. 14.  Following the conclusion of briefing, *see* Def.'s Reply, ECF No. 15, a hearing was held on May 7, 2020, and the parties filed supplemental briefs on May 18, 2020, *see* ECF Nos. 20, 22.

## BACKGROUND[1]

On September 26, 2015, New England Specialty Services, Inc., was awarded a firm-fixed price contract, Contract No. W912WJ-15-C-0032, to construct a storage warehouse located at the U.S. Army Soldier Systems Center in Natick, Massachusetts. *See* Def.'s App. at 1-2.[2]  The project consisted mainly of two tasks: (1) constructing a pre-engineered metal building and (2) site work which included installation of an electrical duct bank, concrete masonry units, grout, and air curtains. *See id.* at 3; Compl. ¶ 11, ECF No 1.  The contract provided for 425 calendar days within which to complete the project following issuance of the notice of proceed, *see* Def.'s App. at 1, making the required contract completion date December 3, 2016.

NESS's first project baseline schedule, including a critical path layout and narrative, projected the completion date of the project to be August 3, 2016. *See* Pl.'s App. at 342.  As the project moved forward, however, numerous issues arose that caused the completion date to be delayed. *See, e.g.*, *id.* at 344 (noting an initial delay due to a flawed contract specification).  The project was not completed until February 16, 2017, 75 days later than the original contract completion date, *see* Def.'s App. at 874, and 134 working days later than the original NESS schedule completion date of August 3, 2016, *id.* at 898.  At the heart of this dispute is whether it is the government or NESS who is responsible for the delays and who, then, should bear the associated costs.

Relevant to plaintiff's claims are six bilateral modifications that were issued while project work was ongoing, which adjusted the scope of work under the contract. *See* Def.'s App. at 836-68.  Notably, the required contract completion date was not changed by these modifications. *Id.*  Most relevant to the claims here are Modifications 3, 4, 5, and 6.  Modification 3 related to "various structural changes," *id.* at 844; Modification 4 related to "electrical ductbank changes," *id.* at 847; Modification 5 related to more "electrical changes," *id.* at 851; and Modification 6 related to small structural and mechanical changes, *see id.* at 863-64.  Each of these modifications included release language noting that "the contract time is not affected," "the contract price is increased as stated . . . which reflects all credits due the Government and all debits due the Contractor," and "this adjustment constitutes compensation in full on behalf of the Contractor and its Subcontractors and Suppliers for all costs and markups directly or indirectly attributable [to] the change ordered [and] for all delays related thereto . . ." *See id.* at 846, 849, 854, 865.

---

[1]The following recitations do not constitute findings of fact by the court.  Instead, the recited factual elements are taken from the complaint and the parties' briefs and attached appendices.

[2]Both plaintiff and defendant attached appendices to their briefs. Both appendices were consecutively paginated.  Defendant's appendix will be cited as "Def.'s App. at [page number]" and plaintiff's appendix will be cited as "Pl.'s App. at [page number]."

NESS submitted a certified claim to the contracting officer on April 25, 2018. *See id.* at 869-900. In its claim, NESS sought costs for schedule delays, costs for alleged changes in the contract terms, including structural changes to the air curtain, painting of structural beams, an additional support for an overhead door, additional as-built drawings, and preparation of claim costs, as well as a rejection of liquidated damages threatened by the contracting officer's representative. *See id.* at 874. The contracting officer issued the final decision on these claims, granting them only in part, on December 21, 2018. *See* Pl.'s App. at 338-52.[3] Subsequently, NESS filed its complaint in this court seeking $542,105.86 in damages, inclusive of delay costs and direct costs, and the release of its final payment as previously sought in the certified claim. *See* Compl. at 15.

## STANDARDS FOR DECISION

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Rules of the Court of Federal Claims ("RCFC"). A material fact is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (interpreting Fed. R. Civ. P. 56).[4] A genuine dispute exists when the finder of fact may reasonably resolve the dispute in favor of either party. *Id.* at 250.

The movant bears the burden of demonstrating the absence of any genuine disputes of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), and shall "cite[] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," RCFC 56(c)(1)(A). The court may consider other materials in the record even if not cited by the parties. RCFC 56(c)(3). "[T]he inferences to be drawn . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). If the record taken as a whole "could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'" and summary judgment is appropriate. *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

---

[3]NESS was awarded $58,263.94 by the contracting officer. *See* Contracting Officer's Decision (Dec. 21, 2018) at 14-15, ECF No. 19. This amount has not been paid. Hr'g Tr. 8:17-20 (May 7, 2020).

[4]Because RCFC 56 mirrors Fed. R. Civ. P. 56, the rules should be interpreted *in pari materia*.

**ANALYSIS**

In its motion for summary judgment, the government seeks summary judgment on all of plaintiff's claims, dividing them into four categories: (1) delay claimed before December 3, 2016; (2) delay claimed between December 3, 2016 and February 16, 2017; (3) direct costs claimed for constructive changes to the contract; and (4) the liquidated damages claim.  Def.'s Mot. at 1.  In its response, plaintiff argues mainly that "[t]here remain genuine issues of material fact concerning [its] claims," and therefore, "the [g]overnment's [m]otion for [s]ummary [j]udgment must be denied."  Pl.'s Resp. at 23 (heading).  The court concurs that genuine issues of material fact exist that prevent a grant of summary judgment.

The government argues that NESS cannot recover for delay claimed before December 3, 2016 because "the maximum number of delay days that a contractor may recover is the number of days that work continued on the project *after* the contract completion date."  Def.'s Mot. at 11 (emphasis in original) (citing *Mega Constr. Co., Inc. v. United States*, 29 Fed. Cl. 396, 426 (1993)).  This argument, however, fails to account for the precept that "[a] contractor may recover damages for government-caused delay to the contractor's early completion of performance if the contractor establishes that it could realistically complete the project early." *Weaver-Bailey Contractors, Inc. v. United States*, 24 Cl. Ct. 576, 578 (1991) (citation omitted). This issue thus presents two factual questions—whether delay was caused by the government and, if so, whether NESS can show that it could have completed the project early.  These are genuine disputes that cannot be resolved on summary judgment, particularly when viewing the facts most favorably to plaintiff.  By way of example, plaintiff's initially proposed schedule, *see* Pl.'s App. at 342, serves as "contemporaneous documentation of its planned early completion," *Jackson Constr. Co., Inc. v. United States*, 62 Fed. Cl. 84, 98 (2004) (citation omitted), that suffices to show that plaintiff could potentially be entitled to delay costs prior to December 3, 2016.

Similarly, genuine issues of material fact remain with regard to delay costs claimed by plaintiff for the time period between December 3, 2016 and February 16, 2017.  The government makes two main arguments as to why it is entitled to summary judgment, but these are unpersuasive.  Citing no precedent, the government first argues that because NESS signed Modification 6, agreeing to maintain December 3, 2016 as the contract completion date, on November 17, 2016, any alleged causes of delay prior to this date may not form the basis for a claim.  *See* Def.'s Mot. at 13.  But merely because NESS agreed in Modification 6 not to alter the contract completion date does not supersede its claims for earlier delay.  NESS may have logically believed, when it agreed to the terms of Modification 6, that only the changes within the scope of modification 6 did not alter the construction timeline—that is not the same as a blanket agreement that no issues before that modification altered the expected completion date. What NESS accepted in Modification 6 is a question of fact that has not been resolved, and that is just the point.  There is a material dispute as to the scope of the several cited modifications, that is, their proper subject matter, and the intent of the parties in agreeing to them, that is, whether there was a meeting of the minds regarding the releases.  *See generally Meridian Eng'g Co. v. United States*, 144 Fed. Cl. 667 (2019).  These factual questions would not be appropriately resolved on summary judgment.  *See Meridian Eng'g Co. v. United States*, 885

4

F.3d 1351, 1356 (Fed. Cir. 2018) (remanding to the trial court to make factual findings about an accord and satisfaction defense).

The government's second argument as to the delay claims is that even though the air curtains were completed following Modification 6, NESS cannot claim delay from this work because this delay was not on the critical path. However, plaintiff's claims relating to the air curtain work are not limited to that part of the work which was completed after February 2017 when the government occupied the building, as the government claims, *see* Def.'s Mot. at 14, but instead allege that the government's indecisiveness about the air curtains throughout the project and dating back at least as early as November 2016 led to the delay, *see* Pl.'s Resp. at 7. Thus, there is some evidence to suggest that the air curtain work could have been on the critical path for the project. This is a question of material fact that is disputed by the parties, *see* Def.'s Mot. at 14-15; Pl.'s Resp. at 7, and like the others, is not properly resolved on summary judgment.

With regard to defendant's argument that plaintiff cannot recover damages for direct costs or constructive changes, factual issues are also present. Defendant argues that "NESS's claims for change costs are barred by the doctrine of accord and satisfaction via either the contract or the [release language in the] modifications." Def.'s Mot. at 15. As with the delay claims, the court must resolve the material factual disputes about the scope of the contract and of the modifications and whether there was a meeting of the minds before a ruling can be made. Therefore, summary judgment would be inappropriate.

Lastly, defendant seeks summary judgment on plaintiff's claims for liquated damages because "liquidated damages were never assessed." Def.'s Mot. at 19. The government is correct that the contracting officer never assessed liquidated damages, and, correspondingly, none have ever been assessed against NESS. Defendant, however, represented to the court that it does not believe it is "bound by the decision of the contracting officer." Hr'g Tr. 9:3-4 (May 7, 2020). Despite the fact that the decision of the contracting officer includes the conclusion that "no liquidated damages will be withheld or assessed," Contracting Officer's Decision at 15, ECF No. 19, the court cannot accept that this issue has been factually resolved. As such, a material factual dispute remains.

## CONCLUSION

For the reasons stated, defendant's motion for summary judgment is DENIED. Genuine disputes of material fact exist regarding all of plaintiff's claims, and are not limited merely to those identified in this opinion.[5] The court requests that the parties file a joint status report by June 19, 2020, with a proposed schedule for further proceedings in this case.

---

[5]The motion by NESS for discovery to support its opposition to defendant's motion for summary judgment, ECF No. 21 (filed May 18, 2020), is DENIED as moot. Defendant filed an answer on August 29, 2019, and, with the denial of defendant's motion for summary judgment, the parties may engage in further discovery as a matter of course.

It is so **ORDERED**.

s/Charles F. Lettow
Charles F. Lettow
Senior Judge